UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ERNEST WARD     PLAINTIFF

V.     CIVIL ACTION NO. 3:08cv399 DPJ-JCS

MISSISSIPPI DEPARTMENT OF CORRECTIONS     DEFENDANT

ORDER

This employment dispute is before the Court on [19] Defendant Mississippi Department of Corrections' motion for summary judgment. The Court, having considered the parties' submissions and relevant authority, finds that the motion should be granted in part and denied in part.

I. **Facts and Procedural History**

Plaintiff Ernest Ward graduated from the officers' training academy in March 2004 and began working as a Field Officer I for the Mississippi Department of Corrections (MDOC) in Rankin County, Mississippi.[1] On November 17, 2004, Plaintiff filed a grievance with MDOC claiming race discrimination. He filed a second grievance five days later based on retaliation for filing the first grievance. Ultimately, Lora Cole, Deputy Commissioner of Community Corrections, determined that Plaintiff's claims had some merit and transferred him to the Hinds County field office. In January 2005, he filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) based on the claims raised in his first two grievances.

---

[1] Plaintiff has been reclassified two times based on his years of service and experience and currently serves as a Field Officer III.

Plaintiff filed another grievance and a second EEOC charge in April 2005. On April 10, 2005, Plaintiff and a MDOC representative met with an EEOC mediator and reached a settlement. Pursuant to the terms of the Settlement Agreement, Defendant was to "[p]rovide training for the Charging Party on affidavits, warrants, violations, reports & etc. The information provided *during training* will be placed in a binder and issued to the Charging Party." Plaintiff's Response [24] at Exh. "K" (emphasis added). Factual disputes exist, but it appears that no actual training was conducted.

On May 12, 2005, less than a month after the settlement, Plaintiff received a written reprimand. *Id*. at Exh. "L". That same day, the reprimand was withdrawn. *Id*. at Exh. "M". Several additional grievances followed alleging retaliation and discrimination.

Plaintiff filed a third charge with the EEOC in June 2005, alleging that Defendant breached the Settlement Agreement. On August 12, 2005, Plaintiff was presented with a Field Officer Training Manual, which included examples of correctly completed violation reports, affidavits, and warrants. Three days later, Plaintiff sent a memorandum to Christy Gutherz, Community Corrections Director of Region II, complaining that the manual was unsatisfactory, without elaborating further. After receiving a right to sue notice from the EEOC, Plaintiff filed a *pro se* action against Defendant, which was dismissed without prejudice.

In November 2007, Plaintiff filed another EEOC charge and an internal grievance directly with MDOC Commissioner Epps requesting additional training and again claiming retaliation and discrimination, but Epps found no merit to the claims. On January 1, 2008, Plaintiff received a notice of the right to sue from the EEOC. He filed additional grievances in February, June, and July 2008, all claiming harassment and retaliation by Gutherz. He filed the current action in

2

Hinds County Circuit Court in April 2008, which Defendant timely removed to this Court. The Complaint establishes federal question jurisdiction pursuant to 28 U.S.C. § 1331. Following the close of discovery, Defendant filed a motion for summary judgment.

Finally, on July 24, 2009, the Court set a status conference during which the parties further clarified their positions with respect to the pending motion. Those clarifications were made on the record.

**II.     Analysis**

   A.     Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant must inform the court of the basis for its motion and identify those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and "identify specific evidence in the record and . . . articulate the precise manner in which that evidence supported their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754,

759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

  B. <u>Defendant's Motion for Summary Judgment</u>

    *1. Retaliation*

Plaintiff contends that Defendant's alleged breach of the EEOC settlement agreement constitutes retaliatory conduct under Title VII's anti-retaliation provision, 42 U.S.C. § 2000e-3(a). Although other conduct allegedly occurred prior to the settlement agreement, Plaintiff has clarified that the alleged breach of the agreement and conduct thereafter constitute the retaliatory acts upon which suit was filed.

Title VII retaliation claims are governed by the test established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). A plaintiff must first establish a prima facie case, requiring him to demonstrate that "(1) [he] participated in an activity protected by Title VII; (2) [his] employer took an adverse employment action against [him]; and (3) a causal connection exists between the protected activity and the materially adverse action." *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008). Although Defendant concedes that Plaintiff engaged in protected activity, it contests the two remaining elements.

To meet the second element of the prima facie case, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *see McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007) (noting *White*'s effect). The Supreme Court emphasized the materiality requirement, finding it "important to separate

4

significant from trivial harms." *White*, 548 U.S. at 68. Moreover, Title VII is not a general civility code designed to remedy "those petty slights or minor annoyances that often take place at work." *Id.*

"Whether a reasonable employee would view the challenged action as materially adverse involves questions of fact generally left for a jury to decide." *McArdle v. Dell Prods., L.P.*, 293 F. App'x 331, 337 (5th Cir. 2008) (citing *White*, 548 U.S. at 71-73). As explained in *White*, the standard is objective and material adversity "depends upon the circumstances of a particular case." 548 U.S. at 71. In the present matter, Defendant agreed to "provide training" in filling out paperwork and further agreed that "[t]he information provided *during training* will be placed in a binder and issued to the Charging Party." Plaintiff's Response [25] at Exh. "K" (emphasis added). However, the evidence suggests that Defendant provided no training until Plaintiff complained about it, and thereafter provided an instructional binder. Plaintiff again complained because agreement called for actual training, and Defendant responded that the binder was sufficient. In addition, Plaintiff continued to receive reprimands, at least one of which was withdrawn by more senior supervisors. A reasonable juror could conclude that Defendant's conduct, viewed in a light most favorable to Plaintiff, was materially adverse.

Likewise, even assuming a legitimate non-retaliatory reason for each of the incidents reflected in the parties' briefs, the Court finds a jury question with respect to causation at the prima facie and reply stages of the analysis. Defendant spends a substantial amount of time presenting its version of the facts and explaining why they should be viewed in its favor. A jury may well agree, but the facts create a factual question regarding causation given (1) the history between these parties; (2) the fact that the failure to conduct training (as alleged by Plaintiff)

5

began immediately upon completion of the protected activity; and (3) the post-settlement reprimand history, some of which relates to matters designated for training in the settlement agreement. Defendant's motion for summary judgment is denied with respect to the retaliation claim.

2.   *Emotional Distress*

Plaintiff also raises a claim for intentional infliction of emotional distress. "To justify a finding that this tort has occurred, the defendant's conduct must be 'wanton and wilful and . . . evoke outrage or revulsion.'" *Speed v. Scott*, 787 So. 2d 626, 630 (Miss. 2001) (citing *Leaf River Forest Prods., Inc. v. Ferguson*, 662 So. 2d 648, 659 (Miss. 1995)). The Mississippi Supreme Court has observed that the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (citation omitted). Moreover, "a plaintiff must show that a defendant intentionally and maliciously sought to do the plaintiff harm." *Sumler v. E. Ford, Inc.*, 915 So. 2d 1081, 1089 (Miss. Ct. App. 2005) (citation omitted). As noted in *Speed*, "meeting the requisites of a claim for intentional infliction of emotional distress is a tall order in Mississippi." 787 So. 2d at 630.

Plaintiff bases his emotional distress claim on Defendant's decision "not to follow through on its promise [to conduct training] and has repeatedly refused to adhere to its promise for more than three (3) years." Plaintiff's Response Memo. [25] at 11. It is undisputed that Defendant provided a manual containing examples of how to correctly complete the forms about which Plaintiff requested training. While Defendant's failure to provide the exact kind of training Plaintiff desired creates a jury question as to Title VII retaliation, it falls short of the stiff

6

standard for establishing a claim for intentional infliction of emotional distress under Mississippi law. *See Sumler*, 915 So. 2d at 1089.

   3.   *Wrongful Termination*

Count II of the Complaint seeks damages for wrongful termination. The claim is dismissed because Plaintiff continues to work for MDOC as a Field Officer III.

**III. Conclusion**

For the reasons stated above, Defendant's motion for summary judgment is granted in part and denied in part.

**SO ORDERED AND ADJUDGED** this the 14th day of August, 2009.

   s/ *Daniel P. Jordan III*
   UNITED STATES DISTRICT JUDGE